UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
MICHAEL VELEZ,

                                  Plaintiff,                   **OPINION & ORDER**

   - against -                                                         No. 23-CV-4758 (CS)

C.O. LASSITER,

                                  Defendant.
---------------------------------------------------------------x

Appearances:

Kimberly Hunt Lee
Sokoloff Stern LLP
Poughkeepsie, New York
*Counsel for Defendant*

Seibel, J.

Before the Court is the motion for summary judgment of Defendant Correction Officer ("C.O.") Lassiter. (ECF No. 43.) For the following reasons, the motion is GRANTED.

**I.  BACKGROUND**

    **A.  Facts**

The following facts are taken from Defendant's Local Civil Rule ("L.R.") 56.1 Statement and the supporting exhibits, and are undisputed unless otherwise noted.[1]

---

[1] Plaintiff did not file a responsive Rule 56.1 Statement or any papers in opposition to this motion. L.R. 56.1 requires that the party opposing a motion for summary judgment submit a counterstatement responding to the moving party's statement of material facts, indicating which facts are admitted and which the opposing party contends are in dispute and require trial. L.R. 56.1(b). Under the Local Rule, "[i]f the opposing party . . . fails to controvert a fact so set forth in the moving party's Rule 56.1 statement, that fact will be deemed admitted." *Giannullo v. City of N.Y.*, 322 F.3d 139, 140 (2d Cir. 2003) (citing L.R. 56.1(c)). (Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations. The Court will send Plaintiff copies of all unpublished decisions cited in this Opinion and Order.) *Pro se*

On April 10, 2023, Plaintiff Michael Velez was a pre-trial detainee at the Dutchess County Jail, when he got into a fight with Justin Deines, another inmate. (ECF No. 44 ("D's 56.1 Stmt.") ¶¶ 1-3.) Plaintiff admits that as he was passing Deines in a hallway, he punched Deines in the face with a closed fist, and the two continued to throw punches at each other. (P's Depo. at 62:18-64:13; D's 56.1 Stmt. ¶ 6.) Plaintiff and Deines fought for about five seconds before two C.O.s arrived and instructed them to stop fighting, but they did not comply with the officers' instructions. (P's Depo. at 64:18-65:8; D's 56.1 Stmt. ¶ 8.) One of the responding C.O.s grabbed Deines, and as Deines was falling toward the floor, Plaintiff continued to throw punches at him. (P's Depo. at 65:18-66:10; D's 56.1 Stmt. ¶ 9.) Defendant tried to stop Plaintiff by grabbing his shoulder or jumpsuit. (P's Depo. at 66:17-67:16; D's 56.1 Stmt. ¶ 10.) According to Plaintiff, he stopped throwing punches once Deines was on the ground, and at "that split second" Defendant "picked [Plaintiff] up and slammed [him]" to the floor, (P's Depo. at 69:15-20), causing them both to fall, (D's 56.1 Stmt. ¶ 10). Plaintiff sustained a laceration to his head requiring five staples. (P's Depo. at 59:25-60:15.) At a disciplinary hearing, Plaintiff pled guilty to initiating the fight and received a ticket. (*Id.* at 87:21-89:24; D's 56.1 Stmt. ¶ 11.) There were no prior incidents between Plaintiff and Deines, and Plaintiff did not file a formal grievance about the incident. (D's 56.1 Stmt. ¶¶ 12-13.)

---

litigants are not excused from this requirement. *SEC v. Tecumseh Holdings Corp.*, 765 F. Supp. 2d 340, 344 n.4 (S.D.N.Y. 2011). As Defendant served Plaintiff with the requisite notice pursuant to L.R. 56.2, (*see* ECF No. 45), I have discretion to consider any properly supported facts in Defendant's L.R. 56.1 Statement admitted. *Vance v. Venettozzi*, No. 18-CV-748, 2021 WL 4145705, at *3 (N.D.N.Y. Sept. 13, 2021). But granting Plaintiff special solicitude, I have considered his statements in his complaint, (ECF No. 1 ("Compl.")), and his deposition testimony, (ECF No. 46-3 ("P's Depo.")). *See Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001) ("[W]hile a court is not required to consider what the parties fail to point out in their Local Rule 56.1 statements, it may in its discretion opt to conduct an assiduous review of the record even where one of the parties has failed to file such a statement.").

### B. Procedural History

Plaintiff commenced this lawsuit pursuant to 42 U.S.C. § 1983 on June 5, 2023. Plaintiff alleges that Defendant violated his constitutional rights by using "unnecessary deadly force" when Defendant lifted him up and slammed him on the ground. (Compl. at 1.)[2]

Defendant answered on August 29, 2023. (ECF No. 12.) On September 27, 2023, the Court held an initial conference and set a discovery schedule. (*See* Minute Entry dated Sept. 27, 2023.) On December 18, 2023, Defendant informed the Court that Plaintiff had not provided any discovery. (ECF No. 20.) The Court held a discovery conference on December 21, 2023, at which the Court extended all discovery deadlines, and instructed Plaintiff to provide his initial disclosures by January 4, 2024. (*See* Minute Entry dated Dec. 21, 2023.) On January 11, 2024, Defendant informed the Court that Plaintiff had not provided his initial disclosures, (ECF No. 22), and the Court ordered Plaintiff to show cause why he should not be sanctioned for failing to comply, (ECF No. 23). In a letter dated January 7, 2024 but docketed on January 16, 2024, Plaintiff asked the Court for time to obtain counsel, (ECF No. 24), and the Court instructed Plaintiff that he would have to proceed without a lawyer until he retains one and granted him one final extension to February 1, 2024 to make the Rule 26 disclosures, (ECF No. 25). On February 9, 2024, Defendant informed the Court that Plaintiff had provided authorization to obtain medical records but had not provided initial disclosures or responded to Defendant's demand for production of documents or interrogatories. (ECF No. 26.) With leave from the Court, Defendant filed a motion for sanctions on February 26, 2024, (*see* ECF Nos. 27, 29-33).

---

[2] Citations to the Complaint use the pagination generated by the Court's Electronic Case Filing ("ECF") system.

3

Defendant later withdrew the motion for sanctions upon receipt of Plaintiff's discovery responses. (ECF Nos. 37-38.)

On June 14, 2024, Defendant filed a pre-motion letter in anticipation of a motion for summary judgment. (ECF No. 40.) Plaintiff did not appear at the pre-motion conference, (*see* Minute Entry dated July 2, 2024), but the Court mailed Plaintiff a copy of the minute entry and the docket sheet including the briefing schedule for Defendant's motion. The instant motion followed. (*See* ECF No. 43.) Plaintiff has not opposed the motion.[3]

## II.   **LEGAL STANDARD**

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he dispute about a material fact is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law . . . . Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* On a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255; *see Jeffreys v. City of N.Y.*, 426 F.3d 549, 553 (2d Cir. 2005) ("When considering a motion for summary judgment, a court must construe the evidence in the light most favorable to the nonmoving party,

---

[3] On September 16, 2024, Defendant informed the Court that he had sent the motion papers to the wrong address for Plaintiff, and that he had re-served the papers to the correct address. (ECF No. 52.) The Court granted Plaintiff until October 21, 2024 to oppose. (ECF No. 53.) That order was mailed to Plaintiff by the Clerk, and my chambers also sent Plaintiff a copy along with a copy of the docket sheet. The Court thereafter realized that Defendant had neglected to file his memorandum of law on the docket and ordered him to do so. (ECF No. 56.) That order, too, was mailed to Plaintiff by the Clerk, and my chambers also sent Plaintiff a copy along with a copy of the docket sheet. Neither the Court nor Defendant has received any opposition from Plaintiff. (*See* ECF No. 58.)

drawing all inferences in that party's favor."). "In considering a motion for summary judgment, the Court cannot render credibility assessments, which are reserved for the jury." *Jordan v. Gifford*, No. 19-CV-1628, 2022 WL 3106965, at *21 (D. Conn. Aug. 4, 2022).

The movant bears the initial burden of demonstrating "the absence of a genuine issue of material fact," and, if satisfied, the burden then shifts to the non-movant to "present evidence sufficient to satisfy every element of the claim." *Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson*, 477 U.S. at 252. Moreover, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), and he "may not rely on conclusory allegations or unsubstantiated speculation," *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 428 (2d Cir. 2001).

"A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials . . . ." Fed. R. Civ. P. 56(c)(1). Where a declaration is used to support or oppose the motion, it "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the . . . declarant is competent to testify on the matters stated." *Id.* 56(c)(4); *see Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 310 (2d Cir. 2008). "If a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion" or "grant summary judgment if the motion and supporting materials –

including the facts considered undisputed – show that the movant is entitled to it." Fed. R. Civ. P. 56(e).

In addition, *pro se* litigants must be afforded "special solicitude," *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010), "particularly where motions for summary judgment are concerned," *Jackson v. Fed. Express*, 766 F.3d 189, 195 (2d Cir. 2014). But "[a] *pro se* party's bald assertion, unsupported by evidence, is not sufficient to overcome a motion for summary judgment." *Walker v. Vaughan*, 216 F. Supp. 2d 290, 296-97 (S.D.N.Y. 2002).

"Where, as here, a motion for summary judgment is unopposed by a *pro se* plaintiff, courts may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial, and in doing so, may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement." *Murray v. Dabo*, No. 22-CV-4026, 2024 WL 1421119, at *4 (S.D.N.Y. Feb. 2, 2024), *report and recommendation adopted*, 2024 WL 964599 (S.D.N.Y. Mar. 5, 2024). Thus, the Court "may grant an unopposed motion for summary judgment against a *pro se* plaintiff if: (1) the *pro se* plaintiff has received adequate notice that failure to file a proper opposition may result in dismissal of the case; and (2) the facts as to which there is no genuine dispute show that the moving party is entitled to a judgment as a matter of law." *Id.* "If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied even if no opposing evidentiary matter is presented." *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004). Here Defendant served Plaintiff with the required notice, pursuant to L.R. 56.2, (*see* ECF No. 45), so I turn to whether the facts show no genuine dispute that Defendant is entitled to judgment.

## III.   DISCUSSION

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is required for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of available administrative remedies "must be complete prior to commencement of suit" and "[t]he fact that a grievance is filed, or the process is completed, subsequent to commencement of suit will not salvage an otherwise premature filing." *Chalif v. Spitzer*, No. 05-CV-1355, 2008 WL 1848650, at *13 (N.D.N.Y. Apr. 23, 2008). "The administrative review process requiring exhaustion is defined not by the PLRA, but by the prison grievance process itself – that is, the rules of the particular institution where the inmate is housed govern any assessment of administrative exhaustion." *Rodriguez v. City of N.Y.*, No. 21-CV-1384, 2023 WL 2368985, at *3 (S.D.N.Y. Mar. 6, 2023).

Although exhaustion is generally mandatory, the Supreme Court has identified three circumstances under which administrative remedies may be deemed "unavailable" to an inmate, such that an inmate is not required to exhaust. *See Ross v. Blake*, 578 U.S. 632, 642 (2016).

> An administrative remedy is *de facto* unavailable and, thus, exhaustion is not required: (1) where the process operates as a simple dead end – with officers unable or consistently unwilling to provide any relief to aggrieved inmates; (2) where the process is so opaque that it becomes, practically speaking, incapable of use; and (3) when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.

*Rodriguez*, 2023 WL 2368985, at *3. "If the defendant has met its burden of establishing the existence and applicability of the grievance policy, the *plaintiff* bears the burden of establishing

7

*de facto* unavailability." *Saeli v. Chautauqua Cnty.*, 36 F.4th 445, 453 (2d Cir. 2022) (emphasis in original).

Defendant argues that Plaintiff's claims should be dismissed because he failed to file a grievance. (ECF No. 57 ("D's Mem.") at 8-9.) Indeed, a sergeant from the Dutchess County Sheriff's Office attests that the Dutchess County Jail has a grievance procedure, that inmates are advised of the procedure when they enter the Jail, and that he searched the Jail's records and found no grievances filed by Plaintiff during his stay at the Jail from March 16, 2023 to August 4, 2023. (ECF No. 49.) Plaintiff does not assert in his complaint or deposition testimony that he filed a grievance. "In light of his *pro se* status," however, "the Court also considers whether Plaintiff's failure to exhaust should be excused under any of the available exceptions." *Dozier v. Genesee Cnty.*, No. 20-CV-6628, 2022 WL 79723, at *5 (W.D.N.Y. Jan. 7, 2022). Here, Plaintiff has failed to respond to the pending motion, and "there is no information before the Court that could justify the application of an exception." *Id.* Therefore, "summary judgment is proper here because: (1) Defendant[] established that Plaintiff failed to exhaust his administrative remedies and, as such, also [his] entitlement to summary judgment on the affirmative defense of Plaintiff's failure to exhaust his administrative remedies as required by the PLRA; and (2) Plaintiff was warned that failure to file an opposition would result in the Court concluding that the motion was unopposed." *Jackson v. Jackson*, No. 16-CV-8516, 2021 WL 981849, at *5 (S.D.N.Y. Mar. 16, 2021); *see Siler v. Walden*, No. 20-CV-5794, 2023 WL 3871999, at *5 (S.D.N.Y. June 7, 2023) ("Even while granting Plaintiff – who filed nothing in opposition to this motion – every benefit of the doubt to which a *pro se* litigant is entitled, there is no genuine dispute that Plaintiff failed to exhaust his administrative remedies. . . . Accordingly, summary judgment is proper here because there is no genuine dispute of material fact that Plaintiff failed

to file a grievance."), *reconsideration denied*, No. 20-CV-05794, 2023 WL 5152701 (S.D.N.Y. July 21, 2023).

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is GRANTED. The Clerk of Court is respectfully directed to terminate the pending motion, (ECF No. 43), enter judgment for Defendant, and close the case.[4]

**SO ORDERED.**

Dated: December 4, 2024
White Plains, New York

                                           _____
                                           CATHY SEIBEL, U.S.D.J.

---

[4] Given my conclusion that summary judgment is proper based on Plaintiff's failure to exhaust, I need not address Defendant's arguments concerning excessive force or qualified immunity. *See Siler*, 2023 WL 3871999, at *6 n.6 (S.D.N.Y. June 7, 2023); *Johnson v. Koenigsmann*, No. 16-CV-6523, 2018 WL 3145762, at *1 n.2 (W.D.N.Y. June 27, 2018). I note, however, that this may be one of the rare cases in which summary judgment for the defendant might be proper, given that the officer was justified in using force to get Plaintiff to stop throwing punches and could not reasonably be expected to halt his use of force the "split second" Plaintiff stopped doing so.